MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
WILLIAM S. LERACH (68581)
SPENCER A. BURKHOLZ (147029)
STEVEN W. PEPICH (116086)
ELLEN GUSIKOFF STEWART (144892)
VALERIE L. McLAUGHLIN (191916)
ALEXANDRA S. BERNAY (211068)
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
  - and -
PATRICK J. COUGHLIN (111070)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

SCOTT + SCOTT, LLC
DAVID R. SCOTT
108 Norwich Avenue
Colchester, CT 06415
Telephone: 860/537-3818
860/537-4432 (fax)

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re EMULEX CORPORATION SECURITIES LITIGATION | Master File No. SACV-01-219-GLT(ANx) |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| SACV-01-220<br>SACV-01-227<br>SACV-01-241<br>SACV-01-283<br>SACV-01-293<br>SACV-01-323<br>SACV-01-343<br>SACV-01-356<br>SACV-01-444 | DATE: September 22, 2003<br>TIME: 10:00 a.m.<br>COURTROOM: The Honorable Gary L. Taylor |

This matter came before the Court for hearing pursuant to an Order of this Court, dated July 11, 2003, on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of July 3, 2003 (the "Stipulation"). Due and adequate notice of the Settlement having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the litigation, including all Members of the Class.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class.

4. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the class action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the plaintiffs and the other Members of the Class, and as against all Defendants and the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the Stipulation and Settlement contained therein is fair, reasonable, adequate and in good faith as to each of the Settling Parties, and that the Stipulation and Settlement contained therein is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. Upon the Effective Date hereof, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully,

fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against each and all of the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

7. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

8. Upon the Effective Date hereto, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and counsel to the Lead Plaintiffs from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

9. The notice of the Settlement given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. Any Plan of Allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

11. Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations or proceedings connected therewith, nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may

1. be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any pending or future civil, criminal or administrative action or other proceeding in any court, administrative agency or other tribunal or any other matter adverse to any of the Defendants except as set forth in the Stipulation. Defendants may file the Stipulation and/or this Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

13. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the settlement does not become effective in accordance with the terms of the Stipulation then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: October 15, 2003

THE HONORABLE GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE

G:\Cases-SD\Emulex.set\YDG80877-OLD.e-b

- 3 -

−4−

# NO REQUESTS FOR EXCLUSION HAVE BEEN RECEIVED AS OF SEPTEMBER 10, 2003

EXHIBIT 1

## DECLARATION OF SERVICE BY FEDERAL EXPRESS DELIVERY

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2. That on September 12, 2003, declarant served by FEDERAL EXPRESS, next day delivery, the [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of September, 2003, at San Diego, California.

_____
YVETTE D. GRAY

EMULEX (LEAD)

Service List - 5/9/2003     (201-040)

Page 1 of 1

## Counsel For Defendant(s)

Meryl L. Young
Wayne W. Smith
Gibson, Dunn & Crutcher LLP
Jamboree Center
4 Park Plaza, Suite 1400
Irvine, CA  92614-8557
   949/451-3800
   949/451-4220 (Fax)

## Counsel For Plaintiff(s)

Lionel Z. Glancy
Michael Goldberg
Glancy & Binkow LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
   310/201-9150
   310/201-9160 (Fax)

Brian Barry
Law Offices of Brian Barry
1801 Avenue of the Stars, Suite 307
Los Angeles, CA  90067
   310/788-0831
   310/788-0841 (Fax)

Spencer A. Burkholz
Valerie L. McLaughlin
Alexandra S. Bernay
Milberg Weiss Bershad Hynes & Lerach LLP
401 B Street, Suite 1700
San Diego, CA  92101-5050
   619/231-1058
   619/231-7423 (Fax)

David R. Scott
S. Edward Sarskas
Scott & Scott, LLC
108 Norwich Avenue
Colchester, CT  06415
   860/537-3818
   860/537-4432 (Fax)